[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The history of the litigation between the parties is marked by acrimony. The testimony of Dr. Krueger makes clear that the dissolution itself has done little to alleviate the hostilities and that the children suffer greatly from the conflict between their parents. The feelings of the parties are played out at the expense of the children; indeed, the evidence of confrontations at the children's school is alarming.
The Court finds that it is in the best interests of the CT Page 1060 children, so that the conflict may be reduced and the children be less caught in the middle, that:
1. The Court re-emphasizes that the mother has sole custody of the children. Final decision making power rests with the mother.
2. The parties shall each have three weeks of summer vacation time with the children. This shall be accomplished by rotating between them the first three weeks and the last three weeks of summer vacation. The husband shall have the first three weeks of summer vacation in even numbered years commencing 1992. This order contemplates the current school schedule of the children in which vacation commences in early June. Should this schedule change, either party may petition this Court for modification. No further order is made regarding summer vacation this year.
3. Pick-ups and drop-off for all weekday visitation shall be one half hour after the end of the childrens' classes or activities, at the mother's home.
4. When the children are with their father on Fridays, he shall continue the children's attendance at any camp, school program or activity in which they are enrolled so long as he has not taken the day off to be with the children. He shall arrange their transportation to the camp, school or activity.
5. The father shall allow and encourage the children to do their homework and conduct their social obligations in a normal manner when they are with him for visitation.
6. The plaintiff shall install a phone line for the use of the children and the defendant. Each party shall be responsible for one half of the monthly bill.
7. The plaintiff's obligations to consult with the defendant under paragraphs 3.2 and 3.3 are hereby modified. She shall inform him of the acts described in those paragraphs.
8. The defendant's motions for contempt are denied.
9. The defendant's motion for modification is denied.
10. The defendant shall submit to the insurance carrier all medical bills forwarded to him within five days of their receipt. He shall send a copy of the claim, simultaneously with its filing, to the plaintiff. He shall send her, upon receipt, all copies of correspondence or notification of CT Page 1061 action taken by insurance companies. Each party shall pay their portion of medical expenses within ten days of billing (and/or the defendant's receipt of bill from plaintiff) or if the bill is submitted to insurance, within ten days of notification of action by the insurance company.
11. Neither party shall disparage the other to the children nor shall he or she comment on the actions or decisions of the other to or in front of the children.
12. The defendant is restrained from entering upon the school grounds unless for a game in which either child is playing or for planned activities or conferences to which parents are invited.
By the Court,
GORDON, JUDGE.